# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**GILBERT MICHAEL DOYLE**                                                 **PLAINTIFF**

**V.**                   **CASE NO. 5:16-CV-00054 JM/BD**

**ROBBIE FREAD**                                                            **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection.

Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**     **Discussion:**

     A.     Background

Plaintiff Gilbert Michael Doyle, an inmate in the Arkansas Department of Correction ("ADC"), filed this lawsuit without the help of a lawyer under 42 U.S.C.

§ 1983. His claims arise from the time he spent in the Arkansas County Detention Center ("Detention Center") in DeWitt, Arkansas. (Docket entry #1) In his complaint, Mr. Doyle raises a deliberate-indifference claim and an access-to-the-courts claim against Defendant Fread ("Defendant").[1] (#1)

Mr. Fread has moved for summary judgment. (#42) Mr. Doyle has not responded to the motion, and the time for filing a response has passed. (#45) Defendant has moved for his statement of undisputed facts to be deemed admitted pursuant to local rule 56.1. (#46) For the reasons set forth below, Defendant Fread's motion for summary judgment (#42) should be GRANTED.

  B. Standard

Summary judgment is granted to a party when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine dispute as to any fact important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

  C. Deliberate-Indifference Claim

Mr. Doyle was arrested for a parole violation and held at the Detention Center from January 4, 2016 until January 19, 2016. (#43, Ex. 1) Defendant is the jail administrator at the Detention Center. (#43, Ex. 4)

---

[1] All other claims and Defendants have been dismissed. (#13)

On January 14, 2016, Mr. Doyle began experiencing problems with his left heel. He brought the condition to Defendant's attention and filed a request to see a doctor. (#1, p.19, #43, Ex. 2) The request stated that, "My left heel is split open in several places from severely dry skin. I need to see a doctor about this." (#1, p. 19, #43, Ex. 2) Defendant responded the next day, on January 15, 2016, by placing Mr. Doyle on the doctor-call list. (#1, p.19, #43, Ex. 2) The next doctor call was scheduled for Tuesday, January 19, 2016. (#43, Ex. 4)

Mr. Doyle was transported to the ADC, however, the morning of January 19, 2016, before he could see the Detention Center doctor about his heel. (#43, Ex. 4) On January 20, 2016, Mr. Doyle received a medical script at the ADC that authorized him to "soak left foot cracked skin M/W/F." (#43, Ex. 3)

Determining whether an official was deliberately indifferent to an inmate's medical needs involves both objective and subjective prongs. *Scott v. Benson*, 742 F.3d 335, 339–40 (8th Cir. 2014). To prevail, Mr. Doyle first must establish that he suffered from an objectively serious medical need. *Id*. at 340. Second, he must show that Defendant Fread "actually knew of but deliberately disregarded [his] serious medical need." *Id*. This showing requires a mental state "akin to criminal recklessness." *Id*. (quoting *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006)). Mr. Doyle must show "more than negligence, more even than gross negligence." *Fourte v. Faulkner County, Ark*., 746 F.3d 384, 387 (8th Cir. 2014) (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)). He must show that the Defendant's actions were "so inappropriate as to

3

evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

In his complaint, Mr. Doyle claims he could not walk due to the conditions of his heels. Defendant Fread first disputes whether Mr. Doyle suffered from a serious medical need. He contends that nothing in the record demonstrates that Mr. Doyle was restricted in any way as a result of his heels.

Evidence that Mr. Doyle's cracked heels presented a serious medical condition is scant. But even assuming Mr. Doyle suffered from a serious medical condition, no reasonable jury would find that Defendant Fread's conduct amounted to deliberate indifference.

At worst, Mr. Doyle experienced a delay in receiving medical treatment from January 14, 2016 until he was transferred to the ADC. See *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (holding that, in order to be actionable, a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected the prognosis, or that defendants ignored an acute an escalating situation). Other than Mr. Doyle's allegation his feet obviously needed immediate medical attention, nothing in the record suggests that the condition of his heels deteriorated during the days he waited to see a doctor. Likewise, nothing suggests that he needed emergency medical attention.

In his sworn affidavit, Defendant Fread states that Mr. Doyle did not ask for any medical attention other than having a doctor examine his heels. (#43, Ex. 4) Mr. Doyle does not dispute this. Instead, he complains that Defendant Fread refused to give him a

band-aid or cream for his feet– a need that he contends was obvious from the face of his request to see a doctor. (#9, p.2)

The evidence reveals that Defendant Fread added Mr. Doyle to the list of inmates to see the doctor, as Mr. Doyle requested. Mr. Doyle was scheduled to see the doctor the day he was transported. Clearly, Defendant Fread addressed Mr. Doyle's medical needs. Mr. Doyle believes that foot cream and band-aids should have been supplied and that the appointment should have been scheduled sooner. Based on the evidence, however, no jury would find that Defendant Fread was deliberately indifferent to Mr. Doyle's medical needs.

    D.    Access-to-the-Courts Claim

Mr. Doyle was arrested on a parole violation on January 4, 2016, and remained at the Detention Center until January 19, 2016. (#43, Ex. 1) Meanwhile, on January 11, 2016, Mr. Doyle waived his parole revocation hearing. (#43, Ex. 6) On an unspecified date, Mr. Doyle filed a grievance asking for copies of various statutes and codes. (#1, p.24) On January 14, 2016, Defendant Fread responded to the grievance, telling Mr. Doyle to ask his lawyer. (#1, p.24)

On January 14, 2016, Mr. Doyle filed another grievance complaining that he had asked for Arkansas and federal speedy trial rules, but "was denied this by Jail Administrator Robbie Fread." (#1, p.18) Defendant Fread responded on January 15, 2016, stating: "You have not been refused anything. The Jail does not have a Law Library

because the Law Books we had were tore [sic] up by inmates. But I will see that you get what you need." (#1, p.18)

On January 14, 2016, Mr. Doyle filed a request for the address to the Board of Community Corrections. (#1, p.25) Defendant responded with an address on January 15, 2016. (#1, 25) On January 14, 2016, Mr. Doyle also requested the use of the Arkansas law directory, explaining that he needed the address for the Board of Community Corrections and the Detention Facility Review Committee. (#1, p.26) Defendant Fread responded that he would give Mr. Doyle one if he had one. (#1, p.26)

Mr. Doyle faults Defendant Fread with refusing to provide him with access to basic legal materials, such as the Arkansas law directory and addresses, and for holding a copy of his parole revocation papers from January 11, 2016 until January 19, 2016, the day he was transported. (#1, #9) Mr. Doyle contends that Defendant gave him the wrong address and that this directly "affected his thirty day time constraint to file an appeal" of his parole revocation. (#9, p.2)

It is well-established that inmates must be provided with some access to legal materials or to legal assistance so that they can prepare and pursue their legal rights. *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996). That said, there is no "abstract, free standing right to a law library." *Lewis v. Casey,* 518 U.S. 343, 351 (1996). In order to proceed with an access-to-the-courts claim, a prisoner must allege that he was "actually injured" in regard to a "nonfrivolous and arguably meritorious underlying legal claim." *White v. Kautzky,* 494 F.3d 677, 680 (8th Cir. 2007) (citing *Christopher v. Harbury*, 536

U.S. 403, 413 (2002)). An "actual injury" means "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey*, 518 U.S. 343, 348 (1996).

While Mr. Doyle alleges he was given the wrong address and that this "affected his thirty (30) day time constraint to file an appeal of his parole revocation," there is no evidence or explanation as to how the wrong address adversely affected his appeal. There is simply no evidence offered to show that Mr. Doyle was prejudiced in his parole revocation proceeding. Furthermore, Mr. Doyle has not offered any evidence to show that his claim was meritorious. Accordingly, Mr. Doyle's access-to-the-courts claim fails.

Mr. Doyle's claims against the Defendant in his official capacity are, in effect, claims against Arkansas County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010). Local governments are not liable under § 1983 for injuries inflicted solely by their employees or agents. *Monell v. New York Dep't. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). Rather, a county is liable for the acts of its employee only when the employee is carrying out a county policy or custom. *Id.*; *Jenkins v. County of Hennepin, Minn.*, 557 F.3d 628, 632 (8th Cir.2009). Here, Mr. Doyle has not set forth facts to show that Arkansas County had an unconstitutional policy or custom that caused him harm. And even if he had, Defendant Fread did not violate Mr. Doyle's constitutional rights. Accordingly, Mr. Doyle's claims against Defendant Fread in his official capacity fail, and those claims should be dismissed, without prejudice.

E.  Qualified Immunity

Defendant Fread argues that he is entitled to qualified immunity. To determine whether qualified immunity applies, the Court must determine "whether the facts alleged or shown, construed in the light most favorable to [Mr. Doyle], establish the violation of a constitutional or statutory right," and "whether that constitutional right was clearly established as of [the time of the relevant conduct], such that a reasonable official would have known that [his or her] actions were unlawful." *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014)(quoting *Krout v. Goemner*, 583 F.3d 557, 564 (8th Cir. 2009). Because Mr. Doyle's constitutional rights were not violated by Defendant Fread, he is entitled to qualified immunity, and it is not necessary to analyze the second prong.

### III. Conclusion:

The Court recommends that Defendant's motion for summary judgment (#42) be GRANTED and all pending motions be DENIED as moot, this 8th day of November, 2016.

_____
UNITED STATES MAGISTRATE JUDGE